# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BRENDA A. BOSLEY, et al.,**

        Plaintiffs,                        **CIVIL ACTION NO.: 3:07-CV-142**

**v.**                                             **(JUDGE BAILEY)**

**COLONEL D.L. LEMMON,
SUPERINTENDENT OF THE WEST
VIRGINIA STATE POLICE, IN HIS
OFFICIAL CAPACITY, WEST VIRGINIA
STATE TROOPER JAMES M. MILLS,
IN BOTH HIS OFFICIAL AND PERSONAL
CAPACITY, THE MINERAL COUNTY
SHERIFF'S OFFICE, CHIEF DEPUTY
PAUL SABIN OF THE MINERAL COUNTY
SHERIFF'S OFFICE, IN BOTH HIS OFFICIAL
AND PERSONAL CAPACITY, AND
JOHN DOES I-IV, IN BOTH THEIR
OFFICIAL AND PERSONAL CAPACITIES,**

        Defendants.

## MEMORANDUM ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO REMAND

Pending before this Court is the plaintiffs' Motion to Remand to Circuit Court of Mineral County, West Virginia [Doc. No. 11]. This action was filed August 15, 2007, in the Circuit Court of Mineral County, West Virginia, seeking damages for the death of James C. Bosley. Plaintiff Brenda Bosley procured a mental hygiene complaint for her husband, claiming he was suicidal and a danger to himself or others. Mr. Bosley was taken into custody in the Bosley residence by defendants James Mills and Paul Sabin. At some point, Mr. Bosley's head struck a wall in the kitchen, leaving blood on the wall, and shortly after that, received a single gunshot wound to the head. Mr. Bosley was pronounced dead on

1

August 19, 2005, at approximately 10:14 a.m.

Brenda Bosley requested an autopsy be performed on the body but one was not performed. Plaintiffs argue that the defendants were aware that there were guns in the Bosley home.

Plaintiffs filed this cause of action on August 15, 2007, and on October 31, 2007, the defendants removed this action to this Court based on federal questions in plaintiffs' Complaint [Doc. No. 1]. Defendants noted that plaintiffs' complaint raises claims under the 5th and 14th Amendments to the United States Constitution. Thereafter, defendants filed a Motion to Dismiss [Doc. No. 5] on November 6, 2007, arguing that this Court lacks jurisdiction to hear 42 U.S.C. § 1983 claims against the West Virginia State Police because it is a state agency and therefore is a suit against the State of West Virginia, which is subject to 11th Amendment immunity. Plaintiffs subsequently filed a Motion to Remand [Doc. No. 11], arguing that defendants waived their 11th Amendment immunity when the case was removed to federal court, or, alternatively, that the official capacity claims should be remanded to the State court which has jurisdiction to hear those claims. The two groups of defendants filed separate Responses [Doc. Nos. 15 and 16] in opposition. In their Motion to Remand, plaintiffs cite *Morris v. Canterbury et al.*, 2:05-CV-1, (S.D. W.V. May 2, 2005), in which the Southern District of West Virginia remanded all causes of action to the Kanawha County Circuit Court. This Court finds remand of all claims to be a suitable disposition for the present case as well. The Court questions the theory of removing the case based on federal jurisdiction and then moving to dismiss the case based on lack of jurisdiction. Because the State Court has jurisdiction to hear all claims, the Court finds it best to remand the entire case.

Based on the foregoing, the Court finds that the plaintiffs' Motion to Remand [Doc. No. 11], should be, and hereby is, **GRANTED**. The Motion to Dismiss [Doc. No. 5] is **DENIED**. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Mineral County, West Virginia, for all further proceedings.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** December 28, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE