IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRENDA A. BOSLEY, et al.,**

    Plaintiffs,

v.                                                             Civil Action No. 3:07-CV-142
                                                                  (Judge Bailey)

**COLONEL D. L. LEMMON,
SUPERINTENDENT OF THE WEST
VIRGINIA STATE POLICE, IN HIS
OFFICIAL CAPACITY, et al.,**

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT ORDER

Pending before this Court is Plaintiffs' Motion for Entry of Judgment Order (Doc. 148). In the Motion, the plaintiffs seek the entry of a judgment order against defendants Mineral County Commission, Sheriff Craig Fraley and Deputy Paul Sabin ("Mineral County Defendants") for the sum of $30,000, plus costs, including attorney's fees accrued as of July 23, 2009. The defendants oppose the motion on the ground that their offer of judgment of $30,000 was meant to cover costs and attorney's fees.

This is an action brought under 42 U.S.C. § 1983 to recover damages for the death of James C. Bosley, who committed suicide while he was being taken into custody under a mental hygiene order. On or about July 23, 2009, the Mineral County Defendants served an Offer of Judgment on the plaintiffs. This Offer (Doc. 125-1) provides, in pertinent part, as follows:

Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, the Mineral County Defendants hereby serve upon Plaintiffs an Offer of Judgment in the amount of Thirty Thousand Dollars ($30,000.00) as full and complete satisfaction of Plaintiff's claim against the Mineral County Defendants.

The plaintiffs accepted the Offer of Judgment on July 28, 2009 (Doc. 125). The defendants now contend that the offer above included costs and attorney's fees. The resolution of this issue is governed by the United States Supreme Court in **Marek v. Chesny**, 473 U.S. 1, 6 (1985), in which the Court stated "[t]he critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, *see* **Delta Air Lines, Inc. v. August**, *supra* 450 U.S., at 362, 365 (POWELL, J., concurring), it determines to be sufficient to cover the costs." (emphasis in original).

**Marek** further held that attorney's fees are includable as costs under 42 U.S.C. § 1988. Inasmuch as the offer in this case does not specify that costs are included, this Court will be obliged to include in its judgment an additional amount to cover costs, including attorney's fees.

The defendants contend that they did not intend to assume liability for any amount for costs over and above the $30,000 that they offered and that if costs are to be added there is no meeting of the minds.  This same argument was raised in ***Said v. Virginia Commonwealth Univ.***, 130 F.R.D. 60 (E.D. Va. 1990).  In ***Said***, the defendants made an offer of judgment for "$5,000 "together with costs accrued to this date."  The defendants contended that the $5,000 was intended to include all recoverable costs and attorney's fees, and that acceptance of the offer was invalid since there was no "meeting of the minds."

The ***Said*** Court noted that with a normal, "garden variety" settlement, contract rules apply and there must be a "meeting of the minds."  The Court distinguished a Rule 68 offer of judgment, stating:

> A Rule 68 offer of judgment, though, has characteristics that distinguish it from a normal contract.  When a defending party chooses to couch its settlement offer in terms of a Rule 68 offer of judgment, it is taking advantage of certain tactical advantages not available to the normal offeror.  Under the terms of Rule 68, if a timely offer of judgment is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.  Unlike the offeree of an ordinary contract, the Rule 68 offeree is bound by an offer of judgment whether it is accepted or not.
>
> A normal final settlement offer, then, is like an ordinary contract offer in that it leaves the offeree two options: accept it on its terms, or reject it and run the

risk of receiving a lesser judgment at trial. A Rule 68 offer of judgment, on the other hand, presents a more draconian choice to the plaintiff: accept it on its terms, or go to trial and run the risk of obtaining a less favorable judgment *and* paying the defending party's post-offer costs.

. . .

Because of the difficulty of the choice that an offer of judgment requires a claimant to make, it is essential that he be able to discern with certainty what the precise terms of that offer are. When an offer of judgment uses terms of art, a claimant must be allowed to make his acceptance decision based on the interpretation those terms are commonly given. To allow a Rule 68 offeror to inject ambiguities into its offer after the fact would be tantamount to requiring the offeree to guess what meaning a court will give to the terms of that offer before deciding whether to accept it or not. This is an acceptable dilemma for the ordinary contract offeree because he can simply refuse the offer or make a counteroffer to assure that he has not bound himself to terms that will later turn out to be unfavorable. Because the Rule 68 offeree does not have that luxury, he is entitled to construe the offer's terms strictly, and courts should be reluctant to allow the offeror's extrinsic evidence to affect that construction. **Shorter v. Valley Bank & Trust Co.,** 678 F.Supp. 714, 719-20 (N.D. Ill. 1988) (refusing to apply normal principles of contract law to a dispute regarding a Rule 68 offer of judgment). *But see* **Johnson v. University College**, 706 F.2d 1205, 1209 (11th Cir.) (affirming the district

court's application of traditional concepts of contract law to a Rule 68 offer),

*cert denied,* 464 U.S. 994 (1983).

130 F.R.D. at 63.

In **Webb v. James**, 147 F.3d 617 (7th Cir. 1998), the Seventh Circuit reviewed an offer of judgment which did not address costs or attorney's fees.[1] The offer was timely accepted by the plaintiff. When the plaintiff asked for and received an award of attorneys fees, the defendants moved to rescind the offer of judgment on the basis that the offer was made under a mistake of law and that there was no mutual assent as to whether it included attorneys fees and costs. The Seventh Circuit affirmed rejection of the offer, stating that "Rule 68 itself alerts the reader to the issue of costs, the ADA provision granting attorney's fees is clear and unambiguous, and **Marek** was decided in 1985, more than a decade before Dick James extended its offer of judgment. The district court was not obliged to relieve Dick James of the burden of a unilateral mistake of law regarding the effect of **Marek** or the attorney's fees provision of the ADA. And the effect of **Marek** is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them. 473 U.S. at 9." 147 F.3d at 622.

In **Laskowski v. Buhay**, 192 F.R.D. 480 (M.D. Pa. 2000), the Court stated:

[W]e agree with the Honorable Jay C. Waldman in that "[i]f there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer." **Taylor v. Chevrolet Motor Division**, 1998 WL

---

[1] The offer read, in full: "The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68."

5

341924, *2 (E.D. Pa.) (Waldman, J.) (citing 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, **Federal Practice and Procedure** § 3005.2 (1997) "in all but the most extraordinary circumstances mistakes should not affect" Rule 68 judgments)).

The attention required in drafting a Rule 68 offer is even greater in the context of a civil rights action. The preparation and consideration of a Rule 68 offer in such an action are complicated by the presumption, imposed by 42 U.S.C. § 1988, that "a prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render an award unjust.'" **El Club Del Barrio v. United Community Corporations**, 735 F.2d 98, 100 (3d Cir. 1984) (quoting **Hensley v. Eckerhart**, 461 U.S. 424 (1983)).

192 F.R.D. at 482-83.

In granting an award of attorney's fees, the Court stated:

[W]e are not persuaded that Defendants' counsel committed any mistake of fact in extending the Rule 68 offer. The so-called "mistake" was using terms which have been construed by the Supreme Court in a specific manner. The Defendants do not point to any mistake based on a fact. Because Defendant's counsel used that language in the context of a Rule 68 offer and he is charged with knowledge of binding Supreme Court and Court of Appeals precedents, we consider the error to be a mistake of law and not one of fact. In such instances

> [t]he doctrine is settled that, in general, a mistake of law, pure

> and simple, is not adequate ground for relief. Where a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights, and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not, in general, relieve him from the consequences of his mistake.
>
> If ignorance of the law were generally allowed to be pleaded, there could be no security in legal rights, no certainty in judicial investigations, no finality in litigations. ***In re Laurel Run Corp.***, 166 B.R. 242, 248 (M.D. Pa. 1994) (Thomas, J.) (quoting ***Clark v. Lehigh & Wilkes-Barre Coal Co.***, 250 Pa. 304, 312-313, 95 A. 462 (1915)).

192 F.R.D. at 484.

Based upon the foregoing, this Court will enter an award of costs and attorney's fees in addition to the judgment amount. Plaintiffs' Motion for Entry of Judgment Order (Doc. 148) is **GRANTED**. The Clerk of this Court is **DIRECTED** to enter judgment on behalf of the plaintiff's in the amount of $30,000, plus attorney's fees and costs.

The plaintiffs are directed make application for attorney's fees and costs, first submitting the application to the defendant for consideration within thirty (30) days of the entry of this Order. If no agreement is reached within thirty days of the submission of the application to the defendant, the plaintiffs shall submit the application to this Court. The

defendant shall file its response to the application within seven days of the submission of the application to the Court. The Clerk shall enter a separate judgment order specifying attorney's fees at such time this Court rules on that issue.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** October 14, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE