IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRENDA A. BOSLEY, et al.,**

    Plaintiffs,

v.                                           Civil Action No. 3:07-CV-142
                                             (Judge Bailey)

**COLONEL D. L. LEMMON,
SUPERINTENDENT OF THE WEST
VIRGINIA STATE POLICE, IN HIS
OFFICIAL CAPACITY, et al.,**

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Pending before this Court is Defendants', The Mineral County Sheriff's Office and Chief Deputy Paul Sabin, Motion for Reconsideration (Doc. 157). In the Motion, the moving defendants seek the entry of an order reconsidering this Court's October 14, 2009, Order entering judgment in favor of the plaintiffs. Such a motion will be construed as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

"A motion under Rule 59(e), Fed.R.Civ.P., is considered to be 'an extraordinary remedy that should be used sparingly.' ***Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.***, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Importantly, the rule should not be used to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment,' or 'if it would serve no useful purpose.' 11 Charles Allen Wright et al., ***Federal Practice and Procedure*** § 2810.1, at 127-28 (2d ed. 1995). In this

1

circuit, it is well established that a Rule 59(e) motion may only be granted: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." ***United States ex rel. Becker v. Westinghouse Savannah River Co.,*** 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted).'

The Motion neither identifies an intervening change in controlling law, nor presents evidence not available at the time of disposition. The basis appears to be that this Court has committed a clear error of law.

In support of their motion, the movants cite two cases, ***First Financial Ins. Co. v. Hammons***, 58 Fed. Appx. 31 (4th Cir. 2003)(unpublished) and ***Nordby v. Anchor Hocking Packaging Co.***, 199 F.3d 390 (7th Cir. 1999), to support their contention as to this Court's error.

This Court reviewed both of the cited cases before issuing its October 14, 2009, Order. It elected not to follow those cases then and has not changed its mind now. ***First Financial*** dealt with the peculiarities of the West Virginia ***Hayseeds***[1] type case, while ***Nordby*** is from another circuit, and is distinguishable on the basis of the particular language used. *See e.g.* ***Brogato v. Proviso Tp. Mental Health Comm.***, 2006 WL 3359420 (N.D. Ill. Nov. 16, 2006)(unpublished); ***Utility Automation 2000, Inc. v. Choctowhatchee Elec. Co-op, Inc.***, 298 F.3d 1238 (11th Cir. 2002); ***Aynes v. Space Guard Products, Inc.***, 201 F.R.D. 445 (S.D. Ind. 2001).

A further reason why the Motion must be denied is its untimeliness. Under Rule

---

[1] ***Hayseeds, Inc. v. State Farm Fire & Cas.***, 177 W.Va. 323, 352 S.E.2d 73 (1986).

59(e) as it existed on October 14, 2009, a motion under Rule 59(e) had to be filed within ten (10) days of the entry of the order. This motion was not filed until January 11, 2010, almost three months after the entry of the Order.

For the above reasons, Defendants', The Mineral County Sheriff's Office and Chief Deputy Paul Sabin, Motion for Reconsideration **(Doc. 157)** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** January 19, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE